BRUCE C. YOUNG, ESQ., Bar #5560
KATHRYN B. BLAKEY, ESQ., Bar #12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:        702.862.8811

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUE E. ROSS, | CASE NO. 2:15-CV-0785-KJD-PAL |
| Plaintiff, | |
| vs. | **STIPULATION FOR A QUALIFIED PROTECTIVE ORDER REGARDING PLAINTIFF'S MEDICAL RECORDS** |
| SUNSET & GREEN VALLEY, INC., dba LEE'S DISCOUNT LIQUOR, a Nevada corporation, DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, | |
| Defendant. | |

Defendant SUNSET & GREEN VALLEY, INC., dba LEE'S DISCOUNT LIQUOR, ("Defendant"), and Plaintiff SUE E. ROSS ("Plaintiff"), by and through their attorneys of record, hereby submit their Stipulation for a Qualified Protective Order regarding Plaintiff's Medical Records, as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

**QUALIFIED PROTECTIVE ORDER**

WHEREAS, Defendant is seeking the production of medical records which Plaintiff contends constitute Protective Health Information ("PHI") that is subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") for Plaintiff Sue E. Ross;

WHEREAS, the parties wish to prevent the possibility of any misuse or unnecessary disclosure of PHI relative to Plaintiff in this action;

While PHI is generally private information, 45 C.F.R. § 164.512 expressly allows for the disclosure of PHI in the course of any judicial proceeding either in response to (1) a discovery request where the parties have agreed upon a protective order and have presented it to the court; or (2) a court order.

IT IS THEREFORE ORDERED that any and all medical providers may be subpoenaed to produce records pertaining to Plaintiff's medical treatment, subject to the parameters outlined within this Order.

IT IS THEREFORE ORDERED that the following procedures designed to ensure the protection of PHI belonging to Plaintiff shall govern all forthcoming pre-trial discovery proceedings:

1. Defendant may subpoena medical records from June 24, 2013 to the present for Plaintiff Sue E. Ross from Southwest Medical Associates, Constance Beckom, M.D., William Neilsen, M.D., Michael Johnson, M.D. and any other medical provider who examined, diagnosed or treated Ms. Ross during the time period stated above.

2. Any and all documents, materials or information produced in discovery in this matter and designated as being PHI pursuant to HIPAA, such documents, materials, or information, including copies, records, discs, prints, negatives, summaries, or contents or substance thereof, are subject to this Protective Order and are confidential.

3. This PHI may be shown, or its contents disclosed only to the following persons:

   (a) Counsel of record in this action and counsel's agents and employees;

   (b) Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case;

   (c) The parties to this action and their agents and employees; and

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

    (d)  The jury, witnesses, and members of the Court as necessary for a complete adjudication of this matter.

  The PHI designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the party wishing to make such disclosure informs the other party and gives them a reasonable time to object, at least thirty (30) calendar days.  In the event of objection, the parties and respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute.  If an objection is made in writing, the PHI shall not be disclosed until the Court has issued a decision that disclosure of the information is appropriate.

  4.  PHI which is subject to this Protective Order or any information derived therefrom shall be used solely for the purpose of this litigation and not for any business purpose or any other purpose whatsoever, or for any other litigation matter.  The PHI shall be used by counsel only for purposes of this litigation and for no other purpose.  Any party receiving PHI shall either return the PHI, including all copies made, to the party to whom the PHI belongs at the conclusion of the litigation or proceeding, or destroy the PHI.

  5.  The parties may object to the disclosure of any PHI on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motions, seek relief from, or modification of, this Protective Order based on a showing of good cause.

  6.  The designation of any information as "PHI" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any PHI in contemplation of law.  No party shall be obligated to challenge the propriety of any designation by the opposing party, and failure to do so shall not preclude a subsequent attack on the propriety of any PHI designation.  Any party may request a hearing in the United States District Court, District of Nevada, challenging any party's classification of information as PHI.

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

7. If PHI is improperly disclosed to any person other than in the manner authorized by this protective Order, the party responsible for the disclosures must immediately inform the other parties of all pertinent facts relating to such disclosure, including the names and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

8. The United States District Court, District of Nevada, shall retain jurisdiction to enforce this Protective Order after the termination of this action and that the Court may award attorney's fees and costs in any proceeding to enforce this protective Order pursuant to FRCP 37.

Dated: August 25, 2015

Respectfully submitted,

/s/ Michelle M. Jones, Esq.
MICHELLE M. JONES, ESQ.

Attorney for Plaintiff

Dated: August 25, 2015

Respectfully submitted,

/s/ Kathryn B. Blakey, Esq.
BRUCE C. YOUNG, ESQ.
KATHRYN B. BLAKEY, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants

**ORDER**

IT IS SO ORDERED.

Dated this 26th day of August, 2015

_____
UNITED STATES MAGISTRATE JUDGE

Firmwide:135518720.1 078085.1002

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

4.