UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUE E. ROSS,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUNSET & GREEN VALLEY, INC., dba LEE'S DISCOUNT LIQUOR, a Nevada corporation, DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No. 2:15-cv-0785-KJD-PAL<br><br>ORDER |

       Presently before the Court is a Motion for Summary Judgment (#21) filed by Defendants Sunset & Green Valley, Inc., dba Lee's Discount Liquor (Lee's). Plaintiff filed an opposition (#22) to which Defendants replied (#25).

**I. Background**

       This case arises out of an employment dispute between Plaintiff, Sue E. Ross, and her former employer, Defendant, Lee's Discount Liquor. The undisputed facts are as follows: Lee's hired Ms. Ross in 1998 when Ross was 72 years old. Ms. Ross worked for Mr. Hae Un Lee at Lee's corporate office until 2015. Initially Lee's assigned Ms. Ross the clerical duties of an administrative assistant, including but not limited to opening mail, answering phones, and office errands. Eventually, Lee's entrusted Ms. Ross with additional responsibilities, including submitting property tax payments on behalf of various Lee's Liquor store locations.

       With time, the parties' relationship became strained. In November 2013, Lee's held an

annual Wine Experience event. Ms. Ross worked at the event in addition to her standard 40-hour work week, became ill, and fainted. At some point following the incident at the Wine Event, Lee's reduced Ms. Ross's hours to part-time and moved her desk to a different location in the office. The parties' relationship continued to deteriorate resulting in the termination of Ms. Ross's employment on March 16, 2015.

**II. Legal Standards**

    **A. Summary Judgment**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials of the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e). Mere "metaphysical doubt as to the material facts" is not enough. Matsushita, 475 U.S. at 586. If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

**III. Analysis**

Defendant petitions this Court for summary judgment on both of Plaintiff's causes of action; (1) age discrimination and (2) retaliation, arguing there is no genuine issue of material fact for either cause of action.

1. **Age Discrimination**

The Age Discrimination in Employment Act (ADEA) makes it unlawful to terminate any individual due to their age. 29 U.S.C. § 623(a); Diaz v. Eagle Produce Ltd. Partnership, 521 F.3d 1201, 1207 (9th Cir. 2008). To determine whether Plaintiff has presented a prima facie discrimination case based on disparate treatment, the Court employs a three-step burden shifting test laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Diaz, 521 F.3d at 1207.

Once Plaintiff has demonstrated a prima facie claim, the burden then shifts to Defendant to produce a legitimate, non-discriminatory reason for its actions. Finally, if Defendant produces a legitimate, non-discriminatory reason for its conduct, the burden again shifts to the Plaintiff to prove Defendant's actions were mere "pretext" for another discriminatory motive. Coleman v. Quaker Oats, Co., 232 F.3d 1271, 1281 (9th Cir. 2000). However, as a general matter, the Plaintiff in an employment discrimination matter need not produce overwhelming evidence to overcome the employer's motion for summary judgment as such inquiry is more appropriate for the finder of fact. Chuang v. Univ. of Cal. Davis, Bd. Of Trs., 225 F.3d 1115, 1124 (9th Cir. 2000).

a. **Prima Facie Discrimination Claim**

Defendant petitions the Court for summary judgment on the grounds that Plaintiff cannot establish an age discrimination claim based on disparate treatment as a matter of law. To establish a prima facie disparate treatment discrimination claim as enumerated in the ADEA, Plaintiff must demonstrate the following elements: (1) she was at least 40 years of age, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) she was replaced by a

substantially younger employee who held inferior qualifications or that she was dismissed under circumstances that would give rise to the inference of discrimination. Diaz, 521 F.3d at 1207 (citing Coleman, 232 F.3d at 1281). The parties do not dispute Plaintiff was over 40 years of age or that she was discharged. However, Defendant argues Plaintiff was not performing her job satisfactorily and thus its actions to do not give an inference of discrimination.

Defendant points to several factors to demonstrate Plaintiff was not performing her job duties satisfactorily. For example, Defendant submits evidence that Plaintiff's attendance began to decline leading to multiple "no-call no-show" absences. (#21 Ex. 3). Additionally, Defendant submits Plaintiff's failure to timely submit property tax payments on behalf of various Lee's locations, which resulted in costly penalties, evinces unsatisfactory performance. (#21 Ex. 3 & 7). In response, Plaintiff provides deposition evidence that she notified Mr. Lee whenever she took unscheduled time off, which is contrary to the evidence submitted by Defendant. (#21 Ex. 1). Further, Plaintiff provides evidence to support her assertion that the late property tax payments involved other employees and agents, who, she claims, caused the late payment. (#21 Ex. 1). As a result, the Court finds there are genuine issues of material fact as to whether Plaintiff satisfactorily performed her job duties.

Evidence presented by Defendant shows Plaintiff was not replaced by a significantly younger employee nor was Defendant's conduct indicative of discrimination. The parties agree that Plaintiff was not replaced with a younger employee. In fact, following Plaintiff's termination, Lee's eliminated the position altogether. (#21, Ex. 2, at ¶ 15). Plaintiff submits evidence that a pattern of discriminatory conduct regarding her advanced age is the true reason for her termination. This assertion is supported by the statements of other employees. (#22, Ex. B at ¶ 12-13). Viewing the evidence in favor of the non-moving party, the Court finds Plaintiff has submitted sufficient evidence to demonstrate a genuine issue of material fact as to whether Defendant's conduct creates an inference of discrimination.

### b. Burden Shifts to Defendant to Prove its Conduct is Legitimate

Once Plaintiff has demonstrated a prima facie discrimination claim, the burden shifts to the Defendant to prove the discharge was legitimate. McDonnell Douglas Corp., 411 U.S. 792; Diaz, 521 F.3d at 1207. To satisfy this element, Defendant must provide a legitimate, non-discriminatory reason for the termination. Diaz, 521 F.3d at 1211; Davis v. Team Electric Co., 520 F.3d 1080, 1094 (9th Cir. 2008). The Defendant's justification must be specific to that particular employee. See Diaz, 521 F.3d at 1211 (holding a "general reduction" in workforce is not a sufficient justification).

Here, Defendant asserts the reason for Plaintiff's termination was frequent absence from work and unsatisfactory job performance. According to evidence submitted by Defendant, Plaintiff began to miss work frequently and without providing notice. In fact, at one point, Defendant sent an employee to Plaintiff's residence to check on her wellbeing. (#21, Ex. 2 at ¶ 8). In addition, Defendant presents evidence that Plaintiff's failed to perform her job duties satisfactorily. Specifically, on two occasions, Plaintiff failed to timely submit property tax payments to the assessor's office resulting in costly penalties. (#21, Ex. 3, & 7). Accordingly, the Court finds Defendant has met its burden to provide a sufficient explanation that its conduct was legitimate and facially non-discriminatory.

### c. Burden Shifts to Plaintiff to Demonstrate Discriminatory Purpose

The final stage of the ADEA claim analysis requires Plaintiff to raise a genuine issue of material fact to demonstrate that a discriminatory purpose motivated Defendant's otherwise legitimate act. Diaz, 521 F.3d at 1212; Coleman, 232 F.3d at 1281. Plaintiff argues Lee's repeated comments regarding her age reflect Defendant's desire that Plaintiff retire. These statements are corroborated by the statements of other employees. (#22, Ex. B, at ¶ 12-13). The Court finds there is a genuine issue of material fact regarding whether Defendant's conduct was done with a discriminatory purpose.

In sum, viewing the evidence in the light most favorable to the non-moving party, the

Court finds that Plaintiff has submitted sufficient evidence to demonstrate genuine issues of material fact regarding her claim for age discrimination based on disparate treatment. Therefore, the Court denies Defendant's motion for summary on Plaintiff's claim for age discrimination.

**2.  Retaliation & Hostile Work Environment**

Plaintiff has not exhausted the available administrative remedies regarding her claim for retaliation. Therefore, the Court dismisses Plaintiff's claim for retaliation without prejudice, pending evaluation by the Equal Employment Opportunity Commission (EEOC). Defendant also moves for summary judgment on Plaintiff's claim for hostile work environment. Although Plaintiff seemingly bootstraps this claim within her claim for retaliation, the Court will examine whether there is a genuine issue of material fact for hostile work environment.

To evaluate a claim for hostile work environment, the Court looks to "all of the circumstances," including: the frequency of the conduct, its severity, and whether the conduct is physically threatening, humiliating, or merely offensive. National R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2074 (2002). To overcome a motion for summary judgment, Plaintiff must demonstrate a genuine issue of material fact for each of the following elements: (1) she was subjected to verbal or physical conduct, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe and pervasive to alter the conditions of her employment and create an abusive work environment. Porter v. California Dep't of Corr., 419 F.3d 885, 892 (9th Cir. 2005) (citing Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003)).

Ms. Ross was subjected to verbal conduct. Her statement, corroborated by other employees, details Mr. Lee calling her "granny" and mentioning how "good she looks for her age." (#21, Ex. 1); (#22, Ex. 1). Defendant claims Ms. Ross's failure to complain or inform the Lee's that the conduct offended her is evidence that the conduct was welcome. As a result, the Court finds there is a genuine issue of material fact regarding whether Plaintiff welcomed Defendant's conduct.

In order to establish whether Defendant's conduct was sufficiently severe or pervasive as

to alter the conditions of Plaintiff's employment or create an abusive environment, Defendant's conduct must be more than "merely offensive," and must create an objectionably hostile work environment.  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).  Merely offensive comments, teasing, and isolated incidents are not sufficient to create a hostile work environment.  Id. at 21-22; see also Garrity v. Potter, 2008 WL 872992, *4-5 (D. Nev. 2008) (finding rude, insensitive, or unpleasant conditions are not sufficient to create a hostile work environment); see also Crawford v. Medina General Hosp., 96 F.3d 830, 836 (5th Cir. 1996) (finding, although the severity and pervasiveness of Defendant's conduct is typically a question of fact, comments such as, "women over 55 shouldn't be working" and "old people should be seen and not heard" do not rise to the level of hostile work environment)).

Here, Plaintiff asserts her hostile work environment claim based on Defendant's comments about her "looking good for her age," and calling her "granny."  Plaintiff does not submit any evidence to support her claim that these comments rise to the level of severity or pervasiveness to establish a claim for hostile work environment.  The Court finds Defendant's conduct merely offensive at worst.  Therefore, the Court grants Defendant's motion for summary judgment on Plaintiff's claim for hostile work environment.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#21) is **GRANTED in part**, and **DENIED in part**.

DATED this 20th day of June 2014.

Kent J. Dawson
United States District Judge

7